IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CRIMINAL NO. 05-30007-WDS |
| DEMARCO McDONALD, | ) ) ) |
| Defendant. | ) |

**MEMORANDUM & ORDER**

**STIEHL, District Judge:**

This matter is before the Court on defendant's motion to suppress evidence seized as the result of a traffic stop by the Belleville Police Department in conjunction with the St. Clair County Sheriff's Department.  The government filed a response to the motion and the Court held an evidentiary hearing and took the matter under advisement pending further briefing by the parties. Both parties have now filed supplemental briefs.

The defendant asserts that he was stopped as the result of an anonymous tip, and that the evidence seized as a result of the traffic stop should be suppressed.   The government asserts that the defendant was not stopped as a result of an anonymous tip, but rather because he committed a traffic violation, namely improper use of a turn signal.

FACTUAL BACKGROUND

At the evidentiary hearing, Officer Michael Pearce, of the Belleville Police Department testified that on the evening of November 20, 2004, while he was on patrol and monitoring the St. Clair County Sheriff's Department frequency he heard a dispatch that a male, later identified as the defendant, DeMarco McDonald,  was driving a maroon Buick, was selling crack cocaine and was in possession of a handgun. Officer Pearce and Deputy Taylor, of the Sheriff's Department, met on the parking lot of a Citgo gas station, and while parked and talking, they saw the defendant go past them approximately 10-12 minutes after the dispatch. The defendant's car was headed North on South 74th Street.  They began following the defendant's car and observed him turn onto Coventry and then make a right onto Victoria.  At a right hand curve in the road on

Victoria, the defendant activated his right turn signal, even though he was not leaving the roadway, or turning onto another road.

Officer Pearce stopped the defendant's vehicle for improper use of his turn signal, in violation of 625 ILCS § 5/11-804(d)[1]. When he approached the vehicle, he observed a handgun in plain view behind the driver's seat and within reach of the driver, which led to the arrest of the defendant on weapons and marijuana charges. Officer Pearce did not issue a traffic ticket to the defendant for the improper use of his turn signal, but did write tickets for other violations including driving on a suspended license and having no insurance, illegal transportation of alcohol and failure to yield to an emergency vehicle. Pearce did, however, note the reason for the stop in his report on the incident.

Officer Timothy Lay, of the Belleville Police Department, testified that on the evening of November 20, 2004, he was not with Officer Pearce on the Citgo parking lot, but heard the call on the Sheriff's department frequency and joined Pearce following the defendant and saw Officer Pearce activate his lights. Officer Lay described the Sheriff's Department dispatch as reporting a black male driving a maroon Buick possibly with a handgun and drug paraphernalia. He did not recall if there was any information on the dispatch as to the basis for the information.

## ANONYMOUS TIP

Defendant asserts in his motion that the stop was invalid because it was, in part, based on information received as part of an anonymous tip, and he asserts that the tip was insufficient as a matter of law to warrant a stop. The Supreme Court in *Florida v. J.L.*, 529 U.S. 266, 274 (2000), held that an anonymous tip was insufficient as a matter of law for a finding of reasonable suspicion, because the anonymous call gave police no predictive information to corroborate the tip and it lacked sufficient indicia of reliability to justify stop and frisk. The Court found that an anonymous tip that a young black male was at a particular bus stop and was wearing particular clothing and that he possessed a firearm, lacked "sufficient indicia of reliability" to establish

---

[1]"The electric turn signal device required in Section 12-208 of this Act must be used to indicate an intention to turn, change lanes or start from a parallel parking position but must not be flashed on one side only on a parked or disabled vehicle or flashed as a courtesy or 'do pass' signal to operators of other vehicles approaching from the rear." 625 ILCS § 5/11-804(d).

reasonable suspicion. *Id.*

The indicia of reliability and reasonableness of the search must be measured by what the officer knew before he conducted the search. *See id.* at 271. The Court explained that anonymous tips are less reliable because, when nothing is known about an informant, authorities cannot assess the informant's reputation or hold the informant responsible if the tip turns out to be fabricated. *Id.* at 270. The Court also emphasized that there was no notation, recording, or tracing of the anonymous tip in *J.L. See id.* at 268. The tip at issue in *J.L.* was a bare, undocumented report, by an unknown (and therefore unaccountable) informant who did not explain how he obtained the information. *See id.* at 271. The Court was concerned that the anonymous tip that described only subject's "readily observable location and appearance . . . [would] help the police correctly identify the person whom the tipster meant to accuse.  Such a tip, however, does not show that the tipster has knowledge of concealed criminal activity." *Id.* at 273. For these reasons, the Court held that the officers lacked reasonable suspicion to stop the defendant. *See id.* at 274.

Here, the anonymous tip was that the black male in a maroon Buick possibly had a handgun and drug paraphernalia driving in the West End of Belleville.  There is nothing in the record to further support this tip, including how the Sheriff's Department received the tip, and whether it was, in fact, anonymous.  Although that tip, standing alone, would likely have been an insufficient ground to stop and search the defendant's car, the government asserts that the defendant was stopped on the basis of the traffic violation which provided Officer Pearce with reasonable suspicion (and probable cause, for that matter) to stop the defendant. *See Whren v. United States*, 517 U.S. 806, 810 (1996) ("the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred"); *United States v. Sokolow*, 490 U.S. 1, 7 (1989) (reasonable suspicion is a less demanding standard than probable cause).

## PROBABLE CAUSE TO STOP

Under *Terry v. Ohio*, 392 U.S. 1 (1968), police officers are permitted under the Fourth

3

Amendment to make an investigative stop of a vehicle and its occupants if the officers have reasonable suspicion that the occupants are involved in criminal activity. *See, e.g., United States v. Wimbush*, 337 F.3d 947, 949 (7th Cir. 2003); *United States v. Spotts*, 275 F.3d 714, 718 (8th Cir. 2002); *United States v. Jones*, 242 F.3d 215, 217 (4th Cir. 2001). The reasonableness of a stop depends on the totality of the circumstances known to the officers at the time of the stop. *Wimbush*, 337 F.3d at 950.

The Seventh Circuit has held that a police officer who has probable cause to believe that a driver has committed a traffic infraction–even a minor one–may make a traffic stop. S*ee, United States v. Williams*, 106 F.3d 1362, 1365-66 (7th Cir.1997); *United States v. Brown*, 188 F.3d 860, 864 (7th Cir.1999). The officer's subjective motivations for making the stop are irrelevant. *Whren,* 517 U.S. at 813.  The Seventh Circuit has held that an officer's "subjective motive for making the stop is not relevant; the only relevant inquiry for Fourth Amendment purposes is whether the evidence, when objectively assessed, gave the officer probable cause for the stop." *United States v. Rogers,*  387 F.3d 925, 934 (7th Cir. 2004) (*citing  Whren*, 517 U.S. at 813; *United States v. Bass*, 325 F.3d 847, 850 (7th Cir.2003)).

Moreover, "so long as the circumstances confronting a police officer support the reasonable belief that a driver has committed even a minor traffic offense, the officer has probable cause to stop the driver" *United States v. Cashman*, 216 F.3d 582, 586 (7th Cir. 2000) (*citing. Whren v. United States*, 517 U.S. 806).  "The propriety of the traffic stop does not depend . . . on whether [the defendant] was actually guilty of committing a traffic offense . . . . The pertinent question instead is whether it was reasonable for [the officer] to *believe* [that a violation had been committed]." *Cashman*, 216 F.3d at 587; *see also, United States v. Dexter*, 165 F.3d 1120, 1124 (7th Cir. 1999).  In *Dexter*, the Court held that "regardless of whether or not he was violating the law, the stop was justified if [the officer] had probable cause to believe that a violation had occurred." *Id.*

The Court finds the testimony of Officer Pearce to be credible in that he believed that the defendant's use of his turn signal amounted to a violation of Illinois law.  Officer Pearce,

4

therefore, had reason to stop the defendant's vehicle for a violation of Illinois law.[2]  Moreover, Officer Pearce also relied on the Secretary of State Offense Code Book, to support his belief at the time of the stop of the defendant that the use of the turn signal would be a violation of the statute (*See*, Government's Exhibit 5, pg. 20).

Accordingly, the Court **FINDS** that Officer Pearce had reasonable suspicion to believe that the defendant had committed a traffic violation and, therefore, had a proper basis for the initial stop of the defendant's car.  *See, Dexter*, 165 F.3d at 1124-25.  Once Officer Pearce approached the car and saw the handgun in plain view, he then had probable cause to seize the evidence and arrest the defendant.

## CONCLUSION

Accordingly, in light of the totality of the circumstances, the defendant's argument that the evidence must be suppressed because the stop was based on an anonymous tip must fail.  The Court **FURTHER FINDS** that the officer stopped the defendant based on reasonable suspicion that the defendant had committed a traffic violation, and, therefore, **DENIES** defendant's motion to suppress on all grounds.

**IT IS SO ORDERED.**

**DATED:   June 15, 2005.**

**s/  WILLIAM D. STIEHL**
**DISTRICT JUDGE**

---

[2] Although the Illinois state statute does not specifically proscribe this use of a turn signal, it could, arguably, be so interpreted, thereby providing the probable cause to stop.